ALBANY,
Oct. 1827.

Beach
v.
Fulton Bank.

---

BEACH and BEACH *against* THE PRESIDENT, DIRECTORS AND COMPANY OF THE FULTON BANK.

THIS cause was noticed for trial at the City Hall of the city of New York, in the first circuit, to be holden on the 4th Monday of September, 1827 ; and was tried before WALWORTH, the circuit judge of the fourth circuit, on the 19th of October, to which time the circuit was continued from the 4th Monday of September. Both parties appeared *by their counsel at the trial. The jury who tried the cause, were summoned under an order of the judge upon the in term subsequent to the day of trial.

A circuit court may be holden during term.
And the venire may be awarded returnable the 1st day of term, with a [*510] non misit, &c., and a continuance to a day

· And the venire itself may be issued, tested and returnable accordingly.

The jury for the circuits are summoned, independent of, and without reference to the venire, the award or form of which may be amended in any way, so as to make them conform to the fact. And even a new venire may be ordered, and filed *nunc pro tunc*.

statute, (1 R. L. 337, s. 6,) the venires being for the September circuit; but tested in August term, and returnable on the 3rd Monday (the 15th) of October, 1827. The jurors were summoned to appear at a circuit court to be holden on the 8th day of October, 1827. The venire in this cause was tested on the 15th, and returnable on the 24th of October, 1827. A verdict being found for the plaintiff, he filed the venire, in this cause, N. P. record, &c., in the office of the clerk of this court, on the 24th of October, (the return day of the venire,) and entered his rule for judgment. The N. P. record contained an award of a venire, tested of August term and returnable the 3d Monday (the 15th) of October, 1827, at the capitol in the city of Albany, with a *vicecomes non misit breve;* and another award of a venire for the 24th, the return day of the venire in this cause; with a *nisi prius* clause for a circuit court on the 19th, (the day of trial.)

A motion was now made, on behalf of the defendants, to set aside the verdict and all subsequent proceedings, for irregularity.

*J. Hoyt,* for the defendants. The statute, (sess. 47, ch. 32, s. 4, p. 376,) prescribes the manner of appointing the circuits, and the notice to be given. But every circuit must necessarily expire at the commencement of the term of this court. The venires are regularly returnable on that day. A venire was, in this case, awarded on the record returnable that day; when the attorneys are supposed to be present at the capitol in the city of Albany, with the record. This takes all jurisdiction from the circuit. The statute, (1 R. L. 325, s. 2,) provides that the tenor or transcript of the record, with the respite of the jury, or award of process for their appearance at the next term of the supreme court, unless, &c., shall be sent down to the circuit; thus contemplating that the circuit ends with the term. A venire is to be issued and returned at the trial. But if the day of trial is beyond the term, and *the return day thus passed, the sheriff can make no return, except that he has done nothing on the writ. Hence there could be no jury.

[*511]

The wuole proceeding was, in this case, *coram non judice,* <span style="float:right">ALBANY,<br>Oct. 1827.</span> and void. (1 Sel. Pr. 431.)

But if there was jurisdiction, the proceedings were irregular. The act regulating trials by jury, (1 R. L. 330, s. 15,) requires a panel of the jurors to be annexed to the venire in the cause. The jurors, in this case, were summoned to appear 8 days before the teste day of the venire. That jury were not summoned to try this cause; and could not try it. The case is the same as though no venire had issued. The statute, (1 R. L. 325, s. 2,) by requiring process to be returnable at the next term, &c., virtually forbids its being tested and returnable at the same time. Such a course deprives the defendant of his motion in arrest, which must be made within the first 4 days of the term at which the venire process is returnable. The sheriff is required, (1 R. L. 328, s. 11,) to summon the jury 8 days before the sitting of the circuit court. If any regard is paid to the venire, that summoning was of no validity under this process. The clerk is to draw the jury 14 days before the circuit. (Ibid.) That could not have been done in respect to this cause.

These various irregularities are incurable. They cannot be set right by amendment; because they are irregularities in fact; not merely in form.

*S. A. Foot,* contra, said that the award of venire and the venire itself are mere matters of form; and if here was any irregularity, (which he denied,) yet this court might and would amend. The jury are drawn by the clerk upon any venire which comes to his hand. The jury so drawn are the general jury of the circuit; and in the city of New York, the circuit judge may order a new panel when and as often as he pleases. (1 R. L. 337, s. 6.)

*Curia.* There is nothing in the objections raised to these proceedings. The jury are not summoned by virtue of the venire in the cause. They are drawn by the *clerk, 14 days previous to the circuit; and are to be summoned by the sheriff 8 days before that time. They are drawn, and

<span style="float:right">Beach<br>v.<br>Fulton Bank.</span>

the panel made out without any kind of reference to the jury process. This process is a necessary form in the proceedings; but in this state it is the merest form; and has no effect in the cause. It may be modified by this court in any way, so as to be made conformable to the actual proceedings; where such modification becomes necessary. Supposing the proceedings to be incongruous; the venire is such mere form, that we will amend; or where it is necessary, allow a new one to be made out and filed *nunc pro tunc.*

But there is no need of any amendment. We entertain no doubt that the circuit might be continued into the term.(*a*) The venire, as awarded and issued, was, therefore, regular and congruous. The jury for the circuit generally, having been regularly summoned, the panel was properly attached to this venire. The proceedings were regular in fact; and the venire is precisely what we should have made it by amendment, had there been any incongruity by its being made returnable on the first day of term. The motion must be denied with costs.

Motion denied.

(*a*) Such, too, is the English practice. "Once in every week during term, and for several days after term, one of the judges of this court (the K. B., usually the chief justice, but sometimes one of the puisne judges,) sits at *nisi prius,* at *Westminster,* and at the *Guildhall, London,* to try causes, in which the jury process has been directed to the sheriffs, or other returning officers of *Middlesex* and *London* respectively." (1 Arch. Pr. 6.)